*Haslinger v. Westchester County*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of January, two thousand twenty-three.

PRESENT:
        RICHARD J. SULLIVAN,
        JOSEPH F. BIANCO,
        MYRNA PÉREZ,
                *Circuit Judges.*

_____

KENNETH HASLINGER,

                *Plaintiff-Appellant,*

        v.                                                                No. 22-131

WESTCHESTER COUNTY,

                *Defendant-Appellee.**

_____

---

* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

| | |
|---|---|
| **For Plaintiff-Appellant:** | ALEXIS G. PADILLA, Law Office of Alexis G. Padilla, Brooklyn, NY. |
| **For Defendant-Appellee:** | JUSTIN R. ADIN, Deputy County Attorney, *for* John M. Nonna, Westchester County Attorney, White Plains, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Philip M. Halpern, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Kenneth Haslinger appeals from the district court's grant of summary judgment in favor of Defendant Westchester County on his municipal-liability claim under 42 U.S.C. § 1983 for injuries sustained after he was attacked by a fellow inmate at the Westchester County Jail (the "WCJ"). We review a district court's grant of summary judgment de novo, "examining the evidence in the light most favorable to, and drawing all [reasonable] inferences in favor of, the non-movant." *Sullivan-Mestecky v. Verizon Commc'ns Inc.*, 961 F.3d 91, 97 (2d Cir. 2020) (internal quotation marks omitted). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

2

On April 22, 2018, Haslinger was arrested and taken to WCJ. As part of the intake process, Officer Keyona Mays asked Haslinger if he "had any problems with" other WCJ inmates. App'x at 140. Haslinger responded that he had an ongoing dispute with Dennis Rooney, who had been "in and out" of custody. *Id.* While Haslinger did not know whether Rooney was currently incarcerated, he told Officer Mays that he "needed to keep away" from him. *Id.* After advising Haslinger that Rooney was not at WCJ, Officer Mays denied Haslinger's request for an order separating him from Rooney – known as a "keep-separate order" – should Rooney subsequently become an inmate at the facility.

Two days later, Rooney was admitted to WCJ and placed in the same housing unit as Haslinger. Upon entering the unit, Rooney approached Haslinger and "began punching him," injuring Haslinger's neck and eye socket. *Id.* at 142. Haslinger subsequently filed this action for damages under section 1983 against Westchester County and several WCJ officials. After the district court dismissed Haslinger's claims against the individual defendants on qualified-immunity grounds, Westchester County moved for summary judgment on his municipal-liability claim under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). The district court granted the motion, reasoning

3

that Haslinger failed to show that WCJ had a policy or custom of not issuing keep-separate orders for non-inmates or that he suffered a constitutional violation. This appeal followed.

Although Haslinger does not appeal from the dismissal of his claims against Officer Mays and the other individual defendants, his municipal-liability claim is premised on the contention that Officer Mays violated his constitutional rights when she failed to prospectively separate him from Rooney after Haslinger identified him as a threat. *Monell* extends liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, leads to a constitutional violation. *See Monell*, 436 U.S. at 694 (involving a policy that was "the moving force of the constitutional violation"); *see also City of Canton v. Harris*, 489 U.S. 378, 391 (1989) (involving a training deficiency that led to the constitutional injury). But there can be no municipal liability where there is no underlying constitutional violation. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) ("Because the district court properly found no underlying constitutional violation, its decision not to address the municipal defendants' liability under *Monell* was entirely correct."). That is precisely the case here.

Because Haslinger was awaiting trial at the time of the incident, his claim for damages is considered under the Due Process Clause, which requires officers to "take reasonable measures to guarantee the safety of the inmates," including by protecting "prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (internal quotation marks omitted); *see also Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (explaining that a pretrial "detainee's rights are at least as great as the Eighth Amendment protections available to a convicted prisoner" (internal quotation marks omitted)). To succeed on such a claim, Haslinger must show that the officers acted with deliberate indifference, which requires evidence that (1) the challenged condition was "sufficiently serious to constitute [an] objective deprivation[] of [Haslinger's] right to due process," and (2) Officer Mays "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk" to Haslinger even though she "knew, or should have known, that the condition posed an excessive risk to [his] health or safety." *Darnell*, 849 F.3d at 29, 35.

Here, Haslinger failed to show that Officer Mays acted with deliberate indifference by not issuing a keep-separate order. Although the parties dispute

5

the precise words Haslinger used to describe his dispute with Rooney, Haslinger

has offered no evidence indicating that he communicated the threat Rooney posed

with any degree of specificity. In his deposition, Haslinger stated that he told

Officer Mays that he "need[ed] to keep away [from] Dennis Rooney because . . . of

the little beef [they] had from prior being in jail." App'x at 91. But Haslinger

never stated that he warned Officer Mays that Rooney posed a threat of physical

harm or that he feared for his safety.[1] Thus, there is no reason to believe that

Officer Mays "knew, or should have known, that [Rooney] posed an excessive risk

to [Haslinger's] health or safety." *Darnell*, 849 F.3d at 35. While Haslinger insists

that merely mentioning "the full name of a specific individual" was sufficient to

place Officer Mays on notice of the threat to his safety, Haslinger Br. at 13, we have

repeatedly affirmed grants of summary judgment where statements to

correctional officers, like the one at issue here, "lacked detail," *Morgan v. Dzurenda*,

956 F.3d 84, 88, 90 (2d Cir. 2020). *See Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614,

621 (2d Cir. 1996) ("[W]e note that the issue is not whether Hayes identified his

---

[1] Contrary to counsel's assertion during oral argument, Haslinger did *not* testify at his deposition that he informed Officer Mays of the nature or extent of his dispute with Rooney. *Compare* Oral Argument at 11:08–40 (citing App'x at 98), *with* App'x at 91, 94–99. Haslinger's deposition testimony regarding the history of his "street beef" with Rooney was in response to a separate line of questioning that explored the particulars of the men's relationship. App'x at 94. But Haslinger never stated that he conveyed any of this information to Officer Mays.

6

enemies by name to prison officials, but whether they were aware of a substantial risk of harm to Hayes. Although a prisoner's identification of his enemies is certainly relevant to the question of knowledge, it is not, necessarily, outcome determinative."); *Edwards v. Black*, 854 F. App'x 382, 384 (2d Cir. 2021) (explaining that "prison officials are not deliberately indifferent when they fail to act on . . . vague threats of inmate attacks"). Given that Haslinger failed to put forward any evidence demonstrating that he has suffered a constitutional violation – an "essential element" of his *Monell* claim – the district court correctly granted summary judgment in favor of Westchester County. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see, e.g., Segal*, 459 F.3d at 219 (affirming grant of summary judgment on plaintiff's *Monell* claim where, as here, the "district court properly found no underlying constitutional violation").

We have considered all of Haslinger's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7